# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

Kristopher Collins,

       Petitioner,  :      Case No. 2:24-cv-4270

- vs -

       District Judge Michael H. Watson
       Magistrate Judge Michael R. Merz

WARDEN, Belmont Correctional
  Institution,

       :
       Respondent.

## REPORT AND RECOMMENDATIONS

This is an action brought pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner seeks release from imprisonment imposed as part of the judgment of the Franklin County Court of Common Pleas. The relevant pleadings are the amended Petition (ECF No. 4), the State Court Record (ECF Nos. 11 & 12), and the Return of Writ (ECF No. 13). In the Order for Answer, the Court set a deadline for filing a reply of twenty-one days after the Return was filed (ECF No. 5, PageID 32) which was April 23, 2025. No reply was filed nor has Petitioner sought or received an extension of time to do so. Accordingly, the case is ripe for decision.

**Litigation History**

On May 22, 2020, the Franklin County grand jury indicted Petitioner on four counts of

1

rape of O.A. (Indictment, State Court Record, ECF No. 11, Ex. 1).  At trial the Indictment was amended to change the sexual conduct alleged in Count 4 from digital penetration to fellatio.  After the close of the evidence, the trial judge dismissed Count 1.  The jury found Petitioner guilty of the remaining counts with the specification on Count Three that the victim was less than thirteen years old.  Petitioner was sentenced to two consecutive terms of ten years to life.

With new counsel, Petitioner appealed to the Ohio Tenth District Court of Appeals which affirmed the conviction.  (Decision, ECF No. 11, Ex. 22).  Collins appealed to the Ohio Supreme Court, but that court declined to exercise jurisdiction (Entry, ECF No. 11, Ex. 27).  Represented by new counsel, Collins then filed his amended habeas corpus Petition in this Court, pleading the following grounds for relief:

> **Ground One:** Ineffective assistance of counsel
>
> **Supporting Facts**: Trial counsel failed to present an alibi defense at trial and Trial counsel admitted to having mental deficiencies that affected his conduct at trial as he submitted a motion for new trial and admitted underperforming at the trial.
>
> **Ground Two:** The trial court erred when it denied the defendant's Crim.R. 29 Motion for Acquittal
>
> **Supporting Facts**: The incident happened nearly ten years prior to the trial and the victim's testimony recounting the alleged events was the only evidence to support each charge as there was not any physical evidence and there were no corroborating witnesses.
>
> **Ground Three:** The jury's guilty verdicts were against the manifest weight of the evidence.
>
> **Supporting Facts**: Reasonable doubt existed in the case based on the physical and testimonial evidence presented at trial and that the case lacked evidence such as fingerprints, DNA evidence, and corroborating witnesses. The testimony given also lacked specificity as to when the assaults occurred, pointing out that the alleged victim could not point out any particular date and described things vaguely and within a large time frame.

> **Ground Four:** Defendant was denied his right to a fair trial based on prosecutorial misconduct during the closing argument.
>
> **Supporting Facts:** The trial court erred when it, over objection, failed to strike or otherwise instruct the jury to disregard statements made by the prosecution during the closing argument. The prosecutor's statement during the closing argument was highly suggestive and prejudicial towards the Defendant and the trial court overruling trial counsel was unreasonable.
>
> **Ground Five**: The conviction should be reversed due to the doctrine of cumulative error.
>
> **Supporting Facts:** There were numerous errors in the trial that deprived the Defendant from having a fair trial.

(Petition, ECF No. 4).

## Analysis

Respondent asserts that all of Petitioner's grounds for relief are procedurally defaulted in that they were either not fairly presented to the Ohio courts as presented here (Ground One) or not presented at all to the Supreme Court of Ohio (Grounds Two, Three, Four, and Five)(Return of Writ, ECF No. 13, PageID 812 *et seq*.).  As noted above, Petitioner has not filed a reply and made no effort to ward off this defense in the Petition, which does not mention procedural default.  Thus the Court must adjudicate this defense solely on the basis of Respondent's presentation. The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000).  That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982).  "Absent cause and prejudice, 'a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review.'"  *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000), quoting *Gravley v. Mills*, 87 F.3d 779, 784-85 (6th Cir. 1996); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87.

> [A] federal court may not review federal claims that were procedurally defaulted in state court—that is, claims that the state court denied based on an adequate and independent state procedural rule. E.g., *Beard v. Kindler*, 558 U.S. 53, 55, 130 S.Ct. 612, 175 L.Ed.2d 417 (2009).  This is an important "corollary" to the exhaustion requirement. *Dretke v. Haley*, 541 U.S. 386, 392, 124 S.Ct. 1847, 158 L.Ed. d 659 (2004).  "Just as in those cases in which a state prisoner fails to exhaust state remedies, a habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address" the merits of "those claims in the first instance." *Coleman* [*v. Thompson*], 501 U.S. [722,] 731-732, 111 S.Ct. 2546, 115 L.Ed.2d 640 [(1991)].  The procedural default doctrine thus advances the same comity, finality, and federalism interests advanced by the exhaustion doctrine.  See *McCleskey v. Zant*, 499 U.S. 467, 493, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991).

*Davila v. Davis*, 582 U.S. 521, 527 (2017). "[A] federal court may not review federal claims that were procedurally defaulted in state courts." *Theriot v. Vashaw*, 982 F.3d 999 (6th Cir. 2020), citing *Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (alteration in original) (quoting *Davila v. Davis*, 582 U.S. 521, 527(2017)). *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002).

To preserve a federal constitutional claim for presentation in habeas corpus, the claim must be "fairly presented" to the state courts in a way which provides them with an opportunity to

4

remedy the asserted constitutional violation, including presenting both the legal and factual basis of the claim. *Williams v. Anderson,* 460 F.3d 789, 806 (6th Cir. 2006); *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir.), *cert. denied,* 509 U.S. 907 (1993), overruled in part on other grounds by *Thompson v. Keohane,* 516 U.S. 99 (1995); *Riggins v. McMackin,* 935 F.2d 790, 792 (6th Cir. 1991). The claim must be fairly presented at every stage of the state appellate process. *Wagner v. Smith,* 581 F.3d 410, 418 (6th Cir. 2009).

A claim is fairly presented if the petitioner

> (1) relied upon federal cases employing constitutional analysis; (2) relied upon state cases employing federal constitutional analysis; (3) phrased the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleged facts well within the mainstream of constitutional law.

*Hand v. Houk*, 871 F.3d 390, 418 (6th Cir. 2017).

"Federal courts do not have jurisdiction to consider a claim in a habeas petition that was not 'fairly presented' to the state courts." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2004); accord, *Jacobs v. Mohr*, 265 F.3d 407, 415 (6th Cir. 2001); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 674, 681 (6th Cir. 2000); *Fulcher v. Motley*, 444 F.3d 791, 798 (6th Cir. 2006); *Blackmon v. Booker*, 394 F.3d 399, 400 (6th Cir. 2004).

**Ground One:  Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Petitioner claims he received ineffective assistance of trial counsel in two ways, to wit by (1) failing to present an alibi defense and (2) trying the case while having "mental deficiencies that affected his conduct at trial."

Under Ohio law constitutional error, including ineffective assistance of trial counsel, which

is shown on the face of the record on direct appeal must be presented in that proceeding or be barred by *res judicata*. *State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Perry,* 10 Ohio St. 2d 175 (1967).

On direct appeal, Petitioner's First Assignment of Error was

> A criminal defendant is deprived of his right to effective assistance of counsel when his counsel's performance at trial is objectively unreasonable by failing to disclose to the State his intention to claim alibi in violation of the Sixth and Fourteenth Amendments of the United States Constitution; Article I, Sections 10 and 16 of the Ohio Constitution.

(Appellant's Brief, State Court Record, ECF No. 11, Ex. 20, PageID 124). The Tenth District decided that claim as follows:

> {¶ 40} In his first assignment of error, appellant asserts he was deprived of his right to effective assistance of counsel. To prevail on a claim of ineffective assistance of counsel, appellant must satisfy a two-prong test; his failure to satisfy either part of the test is fatal to the claim. *Strickland v. Washington,* 466 U.S. 668, 687 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 143 (1989).
>
> {¶ 41} First, appellant must demonstrate that his counsel's performance was deficient. *State v. Nicholson*,_Ohio St.3d _, 2024-Ohio-604, ,r 318; *Strickland* at 687 . This first prong requires appellant to show "that counsel's performance fell below an objective standard of reasonable representation." *Nicholson* at ,r 318. Courts review claims of ineffective assistance of counsel with a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *State v. Abdullahi,* 10th Dist. No. 21AP-350, 2024-Ohio-418, ,r 41, citing *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ,r 101.
>
> {¶ 42} Second, appellant must establish that he was prejudiced by the deficient performance. *Nicholson* at ,r 318; *Strickland* at 687. The second prong requires appellant to show that "there is a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *Nicholson* at ,r 318. A "reasonable probability" is one sufficient to undermine confidence in the outcome of the trial. *Id*., citing *Strickland* at 694.
> {¶ 43} In his assignment of error, appellant contends his counsel's performance at trial was objectively unreasonable by failing to

6

> disclose to the state his intention to claim alibi in violation of Crim.R. 12.1. He distinguishes *State v. Smith*, 17 Ohio St.3d 98 (1985), which determined a trial court did not abuse its discretion in precluding a defendant or other alibi witnesses from testifying under certain circumstances. He argues that "[a] reasonably prudent lawyer would have known that they were required to submit a notice of alibi 30 days before trial." (Appellant's Brief at 9.) Moreover, appellant asserts this conduct was prejudicial because "the jury was not able to hear [appellant] testify to his residence beyond stating that he lived somewhere else." (Appellant's Brief at 9.)
>
> {¶ 44} Crim.R. 12.1 states:
>
>> Whenever a defendant in a criminal case proposes to offer testimony to establish an alibi on his behalf, the defendant shall, not less than thirty days before trial in a felony case and fourteen days before trial in a misdemeanor case, file and serve upon the prosecuting attorney a notice in writing of the defendant's intention to claim alibi. The notice shall include specific information as to the place at which the defendant claims to have been at the time of the alleged offense. If the defendant fails to file such written notice, the court may exclude evidence offered by the defendant for the purpose of proving such alibi, unless the court determines that in the interest of justice such evidence should be admitted.
>
> {¶ 45} In this case, defense counsel filed a notice a notice of alibi on May 4, 2022, which would fall more than 30 days prior to the December 2022 trial. In this notice, which appears in the appellate record, appellant through counsel asserted he intended to establish that he did not live at the location where the offenses were alleged to have occurred and claimed that he had been "living at a different address for what may be a significant portion of this period, and [was] attempting to obtain rental and utility records to prove this."
>
> Considering appellant's counsel did file a notice of alibi, one that references the attempt to procure evidence appellant lived at another address, the assignment of error and arguments made by appellant are factually against the record.

(Decision, State Court Record, ECF No. 11, Ex. 22, PageID 194-95). In sum, trial counsel actually did what he was accused of not doing and Petitioner therefore did not receive ineffective assistance of trial counsel in the manner asserted. Petitioner's first sub-claim of ineffective assistance of trial

7

counsel is without merit.

The second sub-claim regarding counsel's asserted mental deficiencies is, however, procedurally defaulted because it was never presented to the Ohio courts at all.  As Respondent asserts, it comes within the *State v. Perry* rule because of trial counsel's comments on his own deficiencies.  Alternatively, to the extent Petitioner might asserts it depends on facts outside the appellate record, it is procedurally defaulted because Petitioner has never filed a petition for post-conviction relief under Ohio Revised Code § 2953.21 and is now barred by the statute of limitations from doing so.

Ground One should therefore be dismissed.

**Grounds Two, Three, Four, and Five**

To effectively exhaust state grounds for relief and avoid procedural default for not doing so, a habeas petition must present his claims to a complete round of state remedies, including appeal to the highest state court in which the claims could be heard.  In this case, Petitioner did appeal from the Tenth District's affirmance to the Ohio Supreme Court.  However, he did not include the claims which now form Grounds Two, Three, Four, and Five (See Memorandum in Support of Jurisdiction, State Court Record, ECF No. 11, Ex. 24, PageID 212).

Grounds Two, Three, Four, and Five should therefore be dismissed.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends that the Petition be dismissed with prejudice.  Because reasonable jurists would not disagree with this

conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

June 4, 2025.

s/ *Michael R. Merz*<br>United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #